NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee,*

*v.*

REGAL HOOMEANUIPOKAKAI CARVEIRO,
*Appellant.*

No. 1 CA-CR 14-0765
FILED 9-15-2015

Appeal from the Superior Court in Maricopa County
CR2013-419945-001
The Honorable Richard L. Nothwehr, Judge Pro Tempore

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Hopkins Law Office, PC, Tucson
By Cedric Martin Hopkins
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Kent E. Cattani joined.

---

**O R O Z C O**, Judge:

¶1        Regal Hoomeanuipokakai Carveiro[1] (Carveiro) appeals his convictions and sentences for three counts of armed robbery.  Carveiro's counsel filed a brief in accordance with *Smith v. Robbins,* 528 U.S. 259 (2000); *Anders v. California,* 386 U.S. 738 (1967); and *State v. Leon,* 104 Ariz. 297 (1969), indicating that after reviewing the entire record on appeal he found no arguable question of law.  This court granted Carveiro leave to file a supplemental brief in propria persona, but he has not done so.  On appeal, we review the record for fundamental error. *See State v. Clark,* 196 Ariz. 530, 537, ¶ 30 (App. 1999).  Finding no reversible error, we affirm Carveiro's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        Carveiro was indicted on three counts of armed robbery on June 4, 2013.  The indictment alleged that Carveiro robbed three different victims at gunpoint at three different times.  All three counts were tried jointly.

¶3        At trial, the victim in Count 1, J.L., testified that early on the morning of April 9, 2013, he received a call about a vehicle he had listed for sale, and coordinated a time to meet the potential buyer for a test drive.  Later that morning, J.L. met someone he identified as Carveiro at 615 South Hardy Street in Tempe to test drive the vehicle.  When J.L. arrived at the address, Carveiro and another man who introduced himself as Smiley were waiting for J.L.  Carveiro was wearing a bandana around his head and had another bandana hanging out of the back pocket of his pants.  All three men

---

[1]        The record before us contains several variations of Carveiro's name, including but not limited to Regalde Carveiro, Regal Dehoomean Carveiro, Regalde Hoomeanuipokakai**,** Regal Hehoomeanuif Carveiro and other variations.  For consistency we use Appellant's name as stated in the trial court's sentencing minute entry, Regal Hoomeanuipokakai Carveiro.

got into J.L.'s vehicle for the test drive. Carveiro sat in the driver's seat, J.L. sat in the front passenger seat, and Smiley sat in the back seat.

¶4 Carveiro drove J.L.'s vehicle from the Hardy Street location to a parking lot on the Arizona State University campus. After coming to a stop in the parking lot, Carveiro asked Smiley whether he might also like to test drive the vehicle. Carveiro and Smiley then switched positions. Carveiro, now in the back seat of J.L.'s vehicle, pointed what appeared to be a firearm at J.L., ordering him out of the car and instructing him to leave his cell phone behind. J.L. exited the vehicle, waited for Carveiro and Smiley to leave the parking lot, and called police from a payphone nearby.

¶5 The second victim, P.C., a delivery driver, testified that he drove to 615 South Hardy Street late in the evening on May 3, 2013 to deliver a pizza. After delivering the pizza, P.C. returned to his vehicle. While P.C. was sitting in the driver's seat, a man wearing a bandana over his face approached, pointing what appeared to be a firearm at P.C. and ordering P.C. to give him his money, wallet, phone and keys. P.C. gave his wallet and cell phone to the man, but was unable to retrieve his keys, which had fallen in the vehicle. The perpetrator threatened to shoot P.C. when he was unable to produce the keys, and ordered P.C. out of the car. The man ultimately left the area in another car and P.C. returned to his car, located the keys and contacted police.

¶6 In the third case, victim S.N. testified that she was sitting in her vehicle at her place of employment late in the evening on May 3, 2013, when Carveiro approached her. Carveiro pointed what appeared to be a gun at S.N. and ordered S.N. to give him her money, wallet, phone and car keys and S.N. complied. Carveiro left the parking lot in another vehicle. S.N. was able to provide the license plate number of that vehicle to police and she later identified Carveiro as the perpetrator, both in a one-on-one identification and at trial.

¶7 The State presented evidence of items recovered in Carveiro's bedroom, including the driver's licenses, credit cards and cell phones belonging to P.C. and S.N. Also recovered was an "Airsoft gun," a non-lethal weapon designed to look like a real firearm, along with several bandanas. Detectives also located a missing spare tire and car jack from J.L.'s vehicle in the common area of Carveiro's residence.

¶8 The jury unanimously convicted Carveiro on all three counts of armed robbery. It also found four aggravating factors as to Count 1, and three aggravating factors as to Counts 2 and 3. The trial court found Count

1 to be a prior offense to Counts 2 and 3, and Count 2 to be a prior offense to Count 3. At sentencing, the court heard testimony from Carveiro and his family. The trial court ordered probation as to Count 1, a presumptive sentence of five years' incarceration as to Count 2, and a presumptive sentence of nine and one-half years' incarceration on Count 3 to run concurrently with Count 3. Carveiro was awarded 554 days of presentence incarceration credit. Carveiro timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1, 13-4031 and -4033.A.1 (West 2015).[2]

## DISCUSSION

**¶9** Pursuant to A.R.S. §§ 13-1902 and -1904, a person commits armed robbery when he (1) takes the property of another from his person or presence without consent, (2) threatens or uses force "with intent either to coerce surrender of property or to prevent resistance," and (3) is armed, uses or threatens use of a deadly weapon or a simulated deadly weapon. The State presented evidence of each element of armed robbery for each count. This evidence was sufficient to convict Carveiro of all three counts and we will not reweigh the evidence on appeal. *See State v. Lee,* 189 Ariz. 590, 603 (1997).

**¶10** Based on our review of the record, Carveiro may have received more presentence incarceration credit than he had earned.[3] Because the State did not dispute the time awarded by the trial court, we do not disturb the award of presentence incarceration credit on appeal. *See State v. Kinslow,* 165 Ariz. 503, 507 (1990) (holding that, absent a proper appeal or cross appeal from the State, we will not correct sentencing errors that benefit the defendant). Thus, we affirm Carveiro's convictions and sentences.

## CONCLUSION

---

[2]     We cite the current version of the applicable statutes unless revisions material to this decision have occurred since the date of the offense.

[3]     Although the record before us is not entirely clear as to the dates of Carveiro's incarceration, Carveiro was in custody on these charges from May 4, 2013, until his sentencing on October 14, 2014, resulting in a total of 528 days incarcerated.

¶11  We have read and considered counsel's brief, searched the entire record for reversible error, and found none. *See Clark*, 196 Ariz. at 541, ¶ 49. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the jury's verdicts. Carveiro was present and represented by counsel at all critical stages of the proceedings. At sentencing, Carveiro and his counsel were given an opportunity to speak and the court imposed a legal sentence.

¶12  Counsel's obligations pertaining to Carveiro's representation in this appeal have ended. Counsel need do nothing more than inform Carveiro of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Carveiro has thirty days from the date of this decision to proceed, if he so desires, with an in propria persona motion for reconsideration or petition for review.

¶13  For the foregoing reasons, Carveiro's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama